IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ARTHUR DEMAREST, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:23-cv-00932 |
| BRIGITTE KOVACEVICH, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File a Dispositive Motion (Doc. No. 119). Defendant filed a response in opposition (Doc. No. 120). For the reasons stated below, Plaintiff's Motion (Doc. No. 119) is **DENIED**.

### I. BACKGROUND

As cause for the requested extension, Plaintiff contends that the Court's August 13, 2025 Order on Defendant's summary judgment motion "ruled that the statute of limitations had long expired as to several claims presented in the Amended Complaint" and that "[t]his ruling, having now become the law of the case, applies with equal force to all of the claims asserted by the Defendant in her Amended Counterclaim." (Doc. No. 119 at 1). Plaintiff requests leave to file a motion to dismiss under Rule 12(b)(6) on the grounds that the statute of limitations precludes Defendant's counterclaim.

### II. LEGAL STANDARD

Under Fed. R. Civ. P. 6(b)(1)(B), the Court may extend deadlines for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Whether excusable neglect exists, and whether a deadline should be extended, are decisions left to the discretion of the district court. *Howard*, 306 F. App'x at 266

(citing P*ioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).” *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 276 (6th Cir. 2023).

"[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Apartment Rental Assistance, II, Inc. v. Heatherton Drive, L.P.*, No. 19-3913, 2020 U.S. App. LEXIS 25161, at *3-4 (6th Cir. 2020) (internal citation omitted). "Excusable neglect determinations are not strictly limited to omissions caused by circumstances beyond the control of the movant." (*Id.*) (internal citation omitted). "The inquiry 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" (*Id.*) (internal citation omitted).

### III. ANALYSIS

The dispositive motion deadline set forth in the scheduling order is January 31, 2025. (Doc. No. 20 at 6). Moreover, as correctly pointed out by Defendant, Plaintiff included a statute of limitations affirmative defense in his answer to Defendant's Amended Counterclaim, which states that Defendant's "claims are barred by the statute of limitations." (Doc. No. 68 at 24). Plaintiff filed his Answer to the Amended Counterclaim long before the dispositive motion deadline expired.

Plaintiff fails to provide justification for his delay in seeking leave to file a dispositive motion more than 2 years after this lawsuit was filed, 6 months after the dispositive motion deadline expired, after the Court has resolved numerous discovery disputes and issued other

substantive rulings, and in light of the upcoming trial date set on March 24, 2026. Accordingly, the Court finds that this case has progressed far beyond the time for filing Rule 12(b)(6) motions and Plaintiff has failed to demonstrate that good cause exists for the requested extension.

Nor has Plaintiff shown that the requested extension will not result in prejudice to Defendant or that the requested extension will not adversely impact judicial proceedings, particularly at this late stage of the case after the Court has ruled on Defendant's summary judgment motion. Plaintiff has also failed to demonstrate that his delay in seeking leave to pursue the 12(b)(6) motion was justified, that the delay was outside of his control, or that his motion was made in good faith. Accordingly, the Court finds that Plaintiff has failed to demonstrate excusable neglect.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a dispositive motion (Doc. No. 119) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
CHIEF UNITED STATES DISTRICT JUDGE